**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ABDUL MAZEED ABDUL RAZACK,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-1050

On Petition for Review of an Order
of the Board of Immigration Appeals.
(No. A72-370-521)

Submitted: February 25, 1997

Decided: March 18, 1997

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Joan E. Smiley, Senior Litiga-
tion Counsel, Susie Cho, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abdul Mazeed Abdul Razack petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny the petition for review.

I

Razack, a native and citizen of India, arrived in the United States as a visitor for business. He was authorized to remain in this country until January 12, 1993. In a show cause order, Razack was charged with remaining in this country longer than permitted, in violation of 8 U.S.C.A. § 1251(a)(1)(B) (West Supp. 1996). Razack was ordered to show cause why he should not be deported.

Razack is a Tamil Muslim, a religious and ethnic minority in India. He conceded deportability as charged, but applied for asylum and withholding of deportation, alleging that he feared persecution should he return to India. Following a hearing, an immigration judge (IJ) denied Razack's application. The Board upheld this decision, finding that Razack's claimed fear of persecution was not well-founded. Razack timely petitioned this court for review of the Board's order.

II

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any"refugee." 8 U.S.C.A. § 1158(a) (West Supp. 1996). The Act defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group,

2

or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1996); M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The "well-founded fear of persecution" standard contains subjective and objective components. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31 (1987). The subjective element requires that the alien's fear be genuine. Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, direct, and specific evidence that would lead a reasonable person in like circumstances to fear persecution. Id.; Huaman-Cornelio v. BIA , 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's determination that Razack is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West 1970). We accord the Board all possible deference. Huaman-Cornelia, 979 F.2d at 999. The decision may be "reversed only if the evidence . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

III

Razack contests the Board's finding that he did not meet his statutory burden. The Act "does not extend eligibility for asylum to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." Huaman-Cornelio, 979 F.2d at 1000. Razack testified that he experienced discrimination during school; however, he graduated from a three-year university. He joined a community welfare organization whose purpose was to assist Muslims by negotiating with Hindu leaders. At the time, Hindu extremist groups were causing problems for Muslims.

A 1983 altercation in a mosque escalated into a street revolt. Four Muslims and three Hindus were killed during the unrest, and Razack, who fled when the fighting began, was incarcerated and mistreated for three days. He testified that the police, upon completing their investigation, released him with their apologies. Razack ended his involvement with the community organization in 1984, when he moved to Madras, where he experienced no further difficulties.

3

Between 1987 and 1990, Razack worked in Saudi Arabia. He visited India for three months in 1990. He travelled with his employer to the United States in 1990, returned to India for three months, and then reentered the United States. Razack had no problems during his three-month stays in India. A Hindu extremist group made two inquiries as to his whereabouts during Razack's stay in Saudi Arabia, but made no further inquiries after 1992.

These facts do not compel a conclusion that Razack's fear of persecution was well-founded. Rather, Razack demonstrated the existence of, at most, a general danger not specifically directed at him. See Huaman-Cornelio, 979 F.2d at 999. We conclude that substantial evidence supports the Board's finding that Razack did not meet his burden of establishing statutory eligibility for asylum.

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Razack has not established entitlement to asylum, he cannot meet the higher standard entitling him to withholding of deportation.

IV

We therefore deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4